**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CONOCOPHILLIPS COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1881 |
| | § | |
| RO-DI OIL COMPANY, INC. a/k/a | § | |
| RO DI OIL CO., INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a suit on a breach of a contract — a promissory note — and a related guaranty. The corporate defendant, Ro Di Oil Company, Inc., signed a promissory note with the plaintiff, ConocoPhillips Company, on February 2, 2009. The face amount of the note was $202,003.68. The promissory note required Ro Di Oil to pay the face amount in 52 quarterly payments of $5,000 each beginning on March 15, 2009 and ending with a final payment in the amount of $147.11 on March 15, 2022. The guaranty was executed by the individual defendants, Ron E. Hayman and Diane L. Hayman.

ConocoPhillips moved for summary judgment. In addition to presenting competent summary judgment evidence of the note and guaranty, ConocoPhillips presented evidence that it received no payment from either Ro Di Oil or from the Haymans. ConocoPhillips presented competent evidence that it had made written demand for payment of the debt, without response.

The amounts outstanding as of February 14, 2012, are as follows: $202,003.68 in unpaid principal; $929.77 in interest at the note–specified rate of 4% from February 2, 2009 to March 15, 2009 and $88,494.21 in interest at the promissory note default rate of 15% from March 16, 2009 to February 1, 2012, with additional interest at the rate of $83.02 per diem under the default rate.

ConocoPhillips seeks summary judgment on its breach of contract claims against Ro Di Oil and the Haymans, and on the affirmative defenses asserted by the defendants in response to this lawsuit. (Docket Entry No. 12). The defendants have not filed a response.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's

claim.  *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

The evidence establishes ConocoPhillips's breach of contract on the promissory note against Ro Di Oil and on the personal guaranty against the Haymans.  The motion filed by the defendants asserting that the claims failed to state a claim on which relief could be granted fails as a matter of law.  The defense of failure to mitigate similarly fails as a matter of law.

ConocoPhillips has also established its right to recover reasonable attorneys' fees for the breach of contract claims.  The submissions show that the fees incurred, in the amount of $24,025.50, are at reasonable hourly rates and that the number of hours is reasonable.  This court awards fees in the amount of $24,025.50 and costs in the amount of $2,307.50.

ConocoPhillips's motion for summary judgment is granted.  Final judgment is entered by separate order.

SIGNED on June 7, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge